UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| ALICE EPPS,<br>          Plaintiff,<br><br>vs.<br><br>OCWEN FINANCIAL CORPORATION;<br>and DOES 1 through 10, inclusive,<br>          Defendant. | Civil Action No.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Alice Epps, an individual consumer, against Defendant, Ocwen Financial Corporation, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### III. PARTIES

3. Plaintiff, Alice Epps, is a natural person with a permanent residence in Baltimore, Baltimore County, Maryland 21239.

4. Upon information and belief the Defendant, Ocwen Financial Corporation, is a corporation engaged in the business of collecting debt in this state and in several other

1

states, with its principal place of business located at 1661 Worthington Road #100, West Palm Beach, Palm Beach County, Florida 33409. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Plaintiff has informed Defendant several times that she is not the alleged debtor that Defendant is looking for.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, still continues to call Plaintiff after being told that Plaintiff is not the alleged debtor that Defendant is looking for.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff numerous times and with such frequency as to harass and abuse the Plaintiff.

10. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

11. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

12. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

13. Defendant utilized unfair and unconscionable means to collect on an alleged debt, by harassing Plaintiff who is a third party and not the alleged debtor.

### *V. CLAIM FOR RELIEF*

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692b(3)* of the FDCPA by calling a third party more than once without being requested to do so by the third party and without the reasonable belief that an earlier response from the third party was erroneous or incomplete and that now the third party has correct or complete location information; and

    (b) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

    (c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

3

(e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Alice Epps, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Ocwen Financial Corporation, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

///

///

///

///

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Alice Epps, demands trial by jury in this action.

DATED: September 24, 2012

> RESPECTFULLY SUBMITTED,
> By: /s/ Benjamin H. Crumley
> Benjamin H. Crumley, Esq.
> Florida Bar No. 018284
> Crumley & Wolfe, P.A.
> 2254 Riverside Avenue
> Jacksonville, FL 32204
> Phone: (904) 374-0111
> Fax: (904) 374-0113
> Email: ben@cwbfl.com